GEORGE G. MANNING et al., Respondents, *v.* LOUIS P. BECK et al., Appellants.

CREDITORS' ACTION TO SET ASIDE BILL OF SALE AND GENERAL ASSIGN-MENT — PROOF OF ACTUAL FRAUD.  In a creditors' action to set aside a bill of sale and a general assignment without preferences, on the ground that they constituted one transaction and, as such, contravened the statute limiting preferences in assignments, and upon the ground that the instruments were executed to hinder, delay and defraud creditors, proof of actual fraud, essential to sustain a judgment for the plaintiffs, is imported by conclusive findings that, prior to the execution of the instruments, the debtor and the grantee of the bill of sale had conspired to defraud the debtor's creditors, that the instruments were one transaction, and that both were made with the intent of the debtor to hinder, delay and defraud his creditors, of which intent the grantee of the bill of sale then had actual knowledge. .

*Manning* v. *Beck,* 77 Hun, 607, affirmed.

(Submitted March 9, 1898; decided April 19, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered July 5, 1894, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

This action was brought by the plaintiffs, judgment creditors of Louis P. Beck, against him, and William H. Beck and H. Israel Weinberg, to set aside a bill of sale executed by Louis P. to William H. Beck, and an assignment without preferences, for the benefit of creditors, executed by Louis P. Beck to the defendant H. Israel Weinberg.

The facts, so far as material, are stated in the opinion and in the report of a former appeal, 129 N. Y. 1.

*H. H. Woodward* for appellants.  The court must determine the sufficiency of the evidence to support the findings by the rule in force prior to July 1, 1896.  (Const. N. Y. art. 6, § 9.)  The only ground of attack upon the assignment and the other transactions mentioned, is that the assignors, in contemplation of the assignment, promoted a scheme by which certain creditors, holding just and valid debts, were given preferences exceeding the statutory limit, and that the cred-

itors had knowledge at the time, that a general assignment was contemplated.    The assignors, in giving such preferences, violated no rule of the common law.    The giving of such preference was not hindering, delaying or defrauding their other creditors, as these terms have been uniformly understood and interpreted.    (*C. Nat. Bank* v. *Seligman*, 138 N. Y. 435; *Abegg* v. *Bishop*, 142 N. Y. 286; *Maass* v. *Falk*, 146 N. Y. 34; *London* v. *Martin*, 79 Hun, 229; *Tompkins* v. *Hunter*, 149 N. Y. 117; *Brown* v. *Guthrie*, 110 N. Y. 435; *Delaney* v. *Valentine*, 154 N. Y. 692; *Crouse* v. *Frothingham*, 97 N. Y. 105; *Sullivan* v. *Miller*, 106 N. Y. 635; *Loos* v. *Wilkinson*, 110 N. Y. 195; *Spring* v. *Short*, 90 N. Y. 538; *Litchtenberg* v. *Herdtfelder*, 103 N. Y. 302.)    These plaintiffs, by the prosecution of this action, seek to obtain the very preference which they claim is a fraud upon the assignment act.    To allow such a claim would be to lend the aid of a court of equity to the perpetration of the fraud complained of.    (*Brown* v. *Guthrie*, 110 N. Y. 435; *Preston* v. *Southwick*, 115 N. Y. 146; *Billings* v. *Billings*, 31 Hun, 67.)    There was no fraud in the giving or taking the chattel mortgages of October 31 and December 3, 1888, or in any transaction in relation to them.    (*Jones* v. *Graham*, 77 N. Y. 628; *Crisfield* v. *Bogardus*, 18 Abb. [N. C.] 334; *Van Heusen* v. *Radcliff*, 17 N. Y. 580; *Ball* v. *Slafter*, 26 Hun, 353; *Brackett* v. *Harvey*, 91 N. Y. 214; *Kennedy* v. *Thorp*, 51 N. Y. 174.)    The property transferred by L. P. Beck was tangible, and could have been levied upon by attachment and sold upon execution upon plaintiffs' judgments, if these transfers were void.    (*Rinchey* v. *Stryker*, 28 N. Y. 45; *Bates* v. *Plonsky*, 28 Hun, 112.)

*Edward F. Wellington* for respondents.    Both instruments were executed by L. P. Beck with intent to hinder, delay or defraud his creditors, of which intent his son William had full knowledge.    (*Berger* v. *Varrelmann*, 127 N. Y. 281; *Spelman* v. *Freedman*, 130 N. Y. 421; *C. Nat. Bank* v. *Seligman*, 138 N. Y. 435; *Loos* v. *Wilkinson*, 110 N. Y.

210; *Billings* v. *Russell,* 101 N. Y. 228; Wait on Fraud. Conv. § 208; Kerr on Frauds, 199.) This transaction was designed to be and was, in effect, an assignment of the more valuable part of his father's estate, under a special trust to pay from the proceeds the alleged debt to William and in addition twelve other distinct claims held by outsiders, and was void. (*Hine* v. *Bowe,* 114 N. Y. 356.) An assignment is void for fraud, when the assignor has withheld any part of his property or turned it over to third parties for his future use and benefit. (*G. Nat. Bank* v. *Peck,* 1 Misc. Rep. 126; *C. Nat. Bank* v. *Seligman,* 138 N. Y. 441.) All the transactions during the chattel mortgage period are to be considered upon the question of fraudulent intent. "The act of concealment was in itself a badge of fraud." (*White* v. *Benjamin,* 3 Misc. Rep. 495; *Abegg* v. *Bishop,* 66 Hun, 11.) The amount transferred exceeded one-third of the value of all property owned by Louis P. Beck when the bill of sale was made. Such transfers were in contemplation of the assignment and rendered the whole transaction void as to creditors, under the Statute of Frauds. (*Abegg* v. *Bishop,* 66 Hun, 9.) If the assignment and bill of sale were made with intent on the part of Louis P. Beck to hinder, delay or defraud his creditors, and William was aware of such intent, then the judgment must stand as rendered. (*Abegg* v. *Bishop,* 66 Hun, 9.) In this case the plaintiffs have established by abundant evidence, given upon the new trial, that the younger Beck joined with his father in carrying out a scheme planned and engineered by their common attorney, for the purpose of hindering, delaying and defrauding the general creditors of Louis P. Beck. (*Galle* v. *Tode,* 148 N. Y. 276.) If the doctrine has been established, since the argument of this appeal in the General Term, that, in case of a mere attempt to evade the provisions of the act of 1887, not coupled with other evidence of fraudulent intent, an action will only lie to set aside such preferences for the benefit of the entire body of creditors, that doctrine has no application to this case where the intent to hinder, delay and defraud creditors has been found, inde-

pendently of the fact of such attempted evasion. (*Abegg* v. *Bishop*, 142 N. Y. 289 ; *Maass* v. *Falk*, 146 N. Y. 40 ; *Galle* v. *Tode*, 148 N. Y. 270.) The findings of fact made by the trial court cannot be reviewed on this appeal. (Code Civ. Pro. § 191.)

Parker, Ch. J. When this case was before this court on a former appeal (129 N. Y. 1) the conclusion was reached that the judgment went in favor of the plaintiffs on the ground that the bill of sale to William H. Beck and the general assignment to Weinberg, constituted one transaction and, as such, were in contravention of chap. 503 of the Laws of 1887, invalidating preferences in an assignment for the benefit of creditors, except to the amount of one-third of the net value of the assigned estate. And it appearing from one of the findings of fact made by the trial court that William H. Beck, at the time of the execution and delivery to him of the bill of sale by Louis P. Beck, his father, was in ignorance of any existing intent on the part of the latter to make a general assignment for the benefit of his creditors, it was held that the act of 1887 did not apply, and the security received was not invalidated by the subsequent act of the debtor in executing the assignment. The complaint also contained allegations of fact upon which it based the claim that these instruments were executed with the intent to hinder, delay and defraud creditors within the meaning of those sections of the statute relating to fraudulent conveyances (2 R. S. 137, §§ 1–8), and it appears that the counsel for the respondents urged that the judgment should be affirmed upon that ground. His contention was not sustained, and we quote the reason assigned by the court : " There are many other facts testified to before the trial court, and not herein alluded to, which the counsel for plaintiffs claims are evidence of actual fraud on the part of the defendants herein, within the statute relative to fraudulent conveyances. The findings of the court, as we have seen, go upon the ground that the intent of the debtor to violate the statute of 1887

was a fraud, and hence a hindrance and delay to creditors. The actual fraud has not been found and we do not feel like disposing of this case upon a fact not found or passed upon by the court below, while repudiating the real ground upon which the judgment was founded. The actual fraud claimed by the counsel for the plaintiffs may be proved on the new trial and if found as a fact by the court or jury, will dispose of the case in favor of plaintiffs."

On the retrial it was found, among other things, that William H. Beck and Louis P. Beck, for a long time prior to the execution of the bill of sale and assignment, connived and conspired together to cheat and defraud the creditors of said Louis P. Beck, and that the bill of sale and assignment were one transaction, and both were made for the purpose and with the intent of said Louis P. Beck to hinder, delay and defraud his creditors, of which said intent the defendant William H. Beck then had actual knowledge. The record contains evidence tending to support such findings, and the General Term having by its judgment affirmed them, they are controlling in this court.

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.